# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

Filed: March 20, 2019
Refiled in Redacted Form: April 16, 2019

```
*   *   *   *   *   *   *   *   *   *   *   *
STEPHANIE HAYNES, Mother and          *
natural guardian of P.L., a minor,    *       UNPUBLISHED
                                      *
            Petitioner,               *       No. 16-484V
                                      *
v.                                    *       Special Master Gowen
                                      *
SECRETARY OF HEALTH                   *       Meningococcal; Menactra;
AND HUMAN SERVICES,                   *       Autoimmune Encephalitis;
                                      *       Stipulation.
            Respondent.               *
*   *   *   *   *   *   *   *   *   *   *   *
```

Clifford J. Shoemaker, Shoemaker, Gentry, and Knickelbein, Vienna, VA, for petitioner.
Voris E. Johnson, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON STIPULATION[1]

On April 18, 2016, Stephanie Haynes[2] ("petitioner"), on behalf of her minor child, P.L.,
filed a petition for compensation under the National Vaccine Injury Compensation Program.[3]

---

[1] Pursuant to the E-Government Act of 2002, see 44 U.S.C. § 3501 note (2012), because this opinion contains a
reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of
Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the
opinion will be available to anyone with access to the Internet.** Before the decision is posted on the court's
website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party:
(1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that
includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of
privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the
decision." Id. **Generally**, if neither party files a motion for redaction within 14 days, the opinion will be posted on
the court's website without any changes. Id. **In this case,** the vaccinee is currently a minor who is identified only by
his initials in the case caption. In contrast, the stipulation provides the vaccinee's full name and the date upon which
the age of majority will be reached (the vaccinee's eighteenth birthday). My original decision repeated the terms of
compensation as provided in the stipulation without any alteration. However, to maintain the vaccinee's privacy
until the age of majority is reached, I elected not to attach the stipulation itself to the decision. The Clerk of the
Court has now entered judgment consistent with the terms of the stipulation and my decision. As noted in my
original decision, I have now sua sponte redacted the vaccinee's name to initials and redacted the date upon which
the age of majority will be reached for purposes of posting the decision onto the Court's website.

[2] Petitioner initially filed the claim under her former last name, Gilbert. On January 15, 2019, petitioner filed a
motion to amend the case caption to reflect that she had changed her last name to Haynes, Petitioner's Motion (ECF
No. 61), which I granted on the same day, Order (ECF No. 62).

[3] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine
Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012)

Petition (ECF No. 1).  P.L. received a meningococcal vaccine ("Menactra") on August 1, 2014.  Stipulation filed March 13, 2019 (ECF No. 65) at ¶ 2.  Petitioner alleged that P.L. subsequently suffered autoimmune encephalitis, which petitioner alleges was caused-in-fact by P.L.'s receipt of the Menactra vaccine administered on August 1, 2014.  Stipulation at ¶ 4.  Petitioner further alleges that P.L. experienced the residual effects of this injury for more than six months.  *Id.*

On March 13, 2019, respondent filed a stipulation providing that a decision should be entered awarding compensation to petitioner.  Stipulation.  Respondent denies that the Menactra vaccine caused P.L. to suffer autoimmune encephalitis and its alleged residual effects or any other injury.  *Id.* at ¶ 6.  Maintaining their respective positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding compensation according to the terms of their stipulation.  *Id.* at ¶ 6.

The stipulation awards:

1) **A lump sum of $45,000.00, in the form of a check payable jointly to petitioner and P.L., to be paid within a reasonable period of time after P.L. reaches the age of majority.  This amount represents all damages that would be available under 42 U.S.C. § 300aa-15(a); and,**

2) **A lump sum payment of $603.30, representing compensation for satisfaction of a State of Georgia Medicaid lien, in the form of a check payable joint to petitioner and:**

   **Equian, LLC**
   **PO Box 32140**
   **Louisville, KY 40232-2140**
   **Re: P.L., File No. 743833-116716**

   **Petitioner agrees to endorse this payment to Equian, LLC; and,**

3) **A lump sum payment of $102.12, representing compensation for satisfaction of a State of Virginia Medicaid lien, in the form of a check payable jointly to petitioner and:**

   **Department of Medical Assistance Services**
   **Accounts Receivable Unit, TPLC, 8th Floor**
   **600 E. Broad Street**
   **Richmond, VA 23219**
   **Re: P.L., Inv. Id. 860147**

   **Petitioner agrees to endorse this payment to the Department of Medicaid Assistance Services.**

---

(Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

I find the stipulation reasonable and I adopt it as the decision of the Court in awarding damages, on the terms set forth therein.  Accordingly, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[4]

      **IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[4] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review.  Vaccine Rule 11(a).