# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: September 23, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| STEPHANIE HAYNES, *Mother and natural guardian of* P.L., *a minor*, | * * * | UNPUBLISHED |
| Petitioner, | * * | No. 16-484V |
| v. | * * | Special Master Gowen |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * * | Attorneys' Fees and Costs |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

<u>Clifford J. Shoemaker</u>, Shoemaker, Gentry & Knickelbein, Vienna, VA, for Petitioner.
<u>Heather L. Pearlman</u>, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On April 6, 2019, Stephanie Haynes ("Petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Fees App.") (ECF No. 68). For the reasons discussed below, the undersigned **GRANTS** Petitioner's motion for attorneys' fees and costs and awards a total of $63,883.29.

I.   **Procedural History**

On April 18, 2016, Petitioner filed a petition in the National Vaccine Injury Compensation Program as mother and natural guardian of P.L., a minor.[2] Petitioner alleged that as a result of receiving a meningococcal vaccine ("Menactra") on August 1, 2014, P.L suffered autoimmune

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

encephalitis. On March 13, 2019, the parties filed a Proffer which I adopted as my Decision awarding damages on March 20, 2019. Decision, ECF No. 67.

On April 6, 2019, Petitioner filed a motion for attorneys' fees and costs. Petitioner requests compensation for her attorney, Mr. Clifford Shoemaker, in the total amount of $71,789.74, representing $60,322.45 in attorneys' fees and $11,457.29 in costs. Fees App. at 1. On July 25, 2019, Petitioner filed a supplemental motion for attorneys' fees and costs, requesting an additional $1,109.75 in attorneys' fees. ECF No. 73. Thus, the total amount requested is $72,899.49. Also, pursuant to General Order No. 9, Petitioner states that she has personally incurred costs of $2.32. Fees App. at 1.

Respondent did not file a response thereafter and Petitioner did not file a reply. The matter is now ripe for adjudication.

II. **Analysis**

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation, but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). In this case, Petitioner was awarded compensation pursuant to a proffer, and therefore she is entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

a. **Attorneys' Fees**

Petitioner requests the following rates of compensation for work performed by her attorneys: for Mr. Clifford Shoemaker, Petitioner requests $415.00 per hour for work performed in 2015, $430.00 for work performed in 2016, $440.00 for work performed in 2017, $450.00 for work performed in 2018, and $460.00 per hour for work performed in 2019; for Ms. Renee Gentry, Petitioner requests $400.00 per hour for work performed in 2015, $424.00 for work performed in 2017, $435.00 for work performed in 2018, and $445.00 per hour for work performed in 2019; and for Ms. Sabrina Knickelbein, Petitioner requests $350.00 per hour for work performed in 2015, $365.00 for work performed in 2016, $378.00 for work performed in 2017, $391.00 for work performed in 2018, and $400.00 per hour for work performed in 2019. *See generally* Fees App.

The rates requested herein are in conformance with what other special masters and I have consistently awarded Shoemaker, Gentry & Knickelbein attorneys. *See Nixon v. Sec'y of Health & Human Servs.*, No. 13-738V, 2019 WL 1149942, at *2 (Fed. Cl. Spec. Mstr. Feb. 6, 2019); *Cianni v. Sec'y of Health & Human Servs.*, No. 16-1052V, slip op. at 2-3 (Fed. Cl. Spec. Mstr.

2

Sept. 21, 2018). Accordingly, no adjustment to the requested rates is required.

Turning next to the hours billed, I find that several reductions must be made. Turning first to the billing entries for Mr. Shoemaker, I find that they suffer from vagueness, an issue which I have previously expressed concern with regarding Mr. Shoemaker's billing. *See Nixon*, 2019 WL 1149942, at *2; *Cianni*, slip op. at 3. Entries by Mr. Shoemaker for correspondence, for example, simply read "Email from Renee" or "Email to and from Stephanie" or "PC w Stephanie" without mentioning what the topic of the e-mail or phone call is, and review of filings simply read "Review pleading" and "Review order" without describing the pleading being reviewed. Fees App. at 5-18. Mr. Shoemaker has been warned numerous times in the past that vague billing entries make it difficult for the presiding special master to ascertain the reasonableness of the billing entries and overall time spent on the case. Accordingly, I will reduce Mr. Shoemaker's billed time by 5%. The billing records submitted show that Mr. Shoemaker billed a total of $34,866.50 in this matter. Accordingly, this results in a reduction of **$1,743.32**.

More concerning are the billing entries from Ms. Knickelbein. The billing records indicate that at the beginning of the case, Ms. Knickelbein's work was centered around acquiring medical records and reviewing them for completeness. After the petition was filed, Ms. Knickelbein's tasks switched to review of filings made by respondent and the Court, and preparation of *pro forma* filings on behalf of Petitioner, such as notices of filing and the statement of completion. Upon review of the work performed by Ms. Knickelbein in this case, I find that all of the work done by her is that which is typically performed by a paralegal and that it is not appropriate to compensate that work at attorney rates. I will therefore follow an approach adopted by other Special Masters and compensate Ms. Knickelbein's work at the top of the fee schedule range for the years in question. *See Dominguez v. Sec'y of Health & Human Servs.*, No. 12-378V, 2019 WL 3315270, at *9 (Fed. Cl. Spec. Mstr. Jun. 24, 2019). This results in a reduction of **$6,742.20**.[3]

I further note that several of the billing entries of Ms. Knickelbein are duplicative with work billed by Mr. Shoemaker for review of various filings. Fees App. at 22-29 In sum, these entries to account for 3.3 hours billed. Accordingly, I shall reduce the final award of fees further by **$493.00**. Thus, petitioner is entitled to final attorneys' fees of **$52,453.68**.

b. **Attorneys' Costs**

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $11,457.29. This amount consists of acquiring medical records, postage, the Court's filing fee, and work done by Petitioner's expert, Dr. Yuval Shafrir. Fees App. at 29-30. I find all the requested costs to be reasonable and typical of Vaccine Program litigation with one exception. It appears as though Petitioner has requested an incorrect amount for

---

[3] The reduction is delineated as follows:

2015: ($350.00 requested - $145.00 awarded) * 5.0 hours billed = $1,025.00.
2016: ($365.00 requested - $145.00 awarded) * 14.2 hours billed = $3,124.00
2017: ($378.00 requested - $148.00 awarded) * 3.4 hours billed = $782.00
2018: ($391.00 requested - $153.00 awarded) * 7.2 hours billed = $1,713.60
2019: ($400.00 requested - $156.00 awarded) * 0.4 hours billed = $97.60.

reimbursement of the Court's filing fee. *Compare* Fees App. at 29 (requesting $430.00 for the filing fee) *with* Fees App. at 31-32 (showing the amount paid for the filing fee as $400.00). Because Petitioner's requested costs include the higher number, I shall reduce the final award of costs by **$30.00**. to account for this error. Petitioner is therefore awarded final costs of **$11,427.29**.

   c. Petitioner's Costs

Pursuant to General Order No. 9, Petitioner warrants that she has personally expended $2.32 in pursuit of this litigation. This cost is for postage to mail documents to petitioner's counsel. Petitioner has provided adequate documentation supporting this cost. Thus, Petitioner's cost shall be reimbursed in full.

III. **Conclusion**

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $61,432.20 |
| (Reduction of Fees) | - ($8,978.52) |
| **Total Attorneys' Fees Awarded** | **$52,453.68** |
| | |
| Attorneys' Costs Requested | $11,457.29 |
| (Reduction of Costs) | - ($30.00) |
| **Total Attorneys' Costs Awarded** | **$11,427.29** |
| | |
| **Total Attorneys' Fes and Costs** | **$63,880.97** |
| | |
| **Petitioner's Costs** | **$2.32** |
| | |
| **Total Amount Awarded** | **$63,883.29** |

**Accordingly, I award the following:**

1) **A lump sum in the amount of $63,880.97, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and her attorney, Mr. Clifford Shoemaker.[4]; and**

2) **A lump sum in the amount of $2.32, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

                                                **s/Thomas L. Gowen**
                                                Thomas L. Gowen
                                                Special Master

---

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).